UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

JAMES G. WOODWARD, CLERK
A TRUE COPY OF THE ORIGINAL
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
BY: Andrea Luisetti
DEPUTY CLERK

ANHEUSER-BUSCH, INC., )
)
    Plaintiff, )
)
vs. ) Case No. 4:06CV1399 RWS
)
NOVELIS CORP., et al., )
)
    Defendants. )

## MEMORANDUM AND ORDER

Anheuser-Busch and Novelis are parties to a supply contract for aluminum sheet used to make beverage cans. After a dispute arose between the parties, an executive from Novelis placed a call to an A-B executive to inform him that Novelis was filing suit against A-B for breach of contract and other related claims. That action was filed on September 19, 2006 in the Northern District of Ohio at 1:03 p.m. E.D.T. The same day, A-B filed its own complaint for declaratory relief in this courthouse. Novelis is unable to determine the exact time that A-B filed its complaint, but maintains through circumstantial evidence that its complaint was filed first. Accordingly, Novelis moves to dismiss or transfer this action to the Northern District of Ohio under the first-filed rule. The Court takes judicial notice of its own records, which demonstrate that A-B filed the instant complaint at 3:50 p.m., C.D.T. Because I find the first-filed rule and other factors weigh in favor of

transfer, I will grant Novelis's motion to transfer this case to the Northern District of Ohio. My analysis follows.

## Additional Background Facts

Novelis and A-B are parties to the supply agreement at issue in both cases. Novelis is a Texas corporation with its principal place of business in Ohio. A-B is a Missouri corporation with its principal place of business in Missouri. In this action, A-B has also named Novelis Inc., the corporate parent of Novelis, as a party to this declaratory judgment action. Novelis is the plaintiff in the Ohio action; Novelis, Inc. is not a party to that litigation. Novelis Inc. is a Canadian corporation with its principal place of business in Atlanta, Georgia. Novelis Inc. moves to dismiss this action for lack of personal jurisdiction, but it concedes that the Northern District of Ohio can exercise personal jurisdiction over it if the case is transferred.

The seven-count complaint filed by Novelis in the Ohio action alleges that A-B breached the supply agreement in numerous ways and seeks damages and equitable relief, including reformation and specific performance. The single-count amended complaint filed in the instant action seeks only a declaration that the supply agreement is valid and enforceable without modification. The Court's Internal Case Management System Case Assignment Report for September 19,

2006 -- the day the instant complaint was filed -- demonstrates that this action was filed at 3:50 p.m. C.D.T., almost four hours after the Ohio action was filed.

## Discussion

Novelis moves to dismiss or transfer these proceedings to the Northern District of Ohio under the first-filed rule which is premised on federal comity.

Under the first-filed rule, a district court has the discretion to transfer a case if an earlier-filed, related case involving the same parties and issues was filed in a different district. See, e.g., Orthmann v. Apple River Campground, Inc., 765 F.2d 119, 121 (8th Cir. 1985)("[W]here two courts have concurrent jurisdiction, the first court in which jurisdiction attaches has priority to consider the case."). "To conserve judicial resources and avoid conflicting rulings, the first-filed rule gives priority, for purposes of choosing among possible venues when parallel litigation has been instituted in separate courts, to the party who first establishes jurisdiction." Northwest Airlines, Inc. v. American Airlines, Inc., 989 F.2d 1002, 1006 (8th Cir. 1993). "The rule is not intended to be rigid, mechanical, or inflexible, but should be applied in a manner serving sound judicial administration." Orthmann, 765 F.2d at 121 (citation omitted). The first- filed rule applies in the absence of compelling circumstances. See id. (citation omitted). The two cases do not have to be identical but must have issues that

substantially overlap. See, e.g., Monsanto Technology L.L.C. v. Syngenta Crop Protection, Inc., 212 F. Supp. 2d 1101, 1103 (E.D. Mo. 2002) (subject matter need only be similar, not identical) (internal citations omitted).

Court records demonstrate that the Ohio action was, in fact, filed first.[1] There can be no dispute that the two cases are related — they involve the same parties, the same issues and the same supply agreement. Although A-B has named an additional defendant in this action, the presence of this additional party does not defeat application of the first-filed rule here because of the substantial identity of interests between Novelis and its corporate parent. In fact, A-B alleges that Novelis and Novelis Inc. are really the same corporate entity and, as such, are both parties to the supply agreement at issue. Under these circumstances, the "same-party" requirement is satisfied for this analysis.

Application of the first-filed rule is especially appropriate here where the Ohio action alleges breach of the supply agreement and seeks damages as well as equitable relief, whereas the instant declaratory judgment action seeks only a declaration about the validity of the contract. This action is subsumed in the more comprehensive Ohio action and involves the same legal issues. If this case is not

---

[1] Because the Court can determine that the Ohio action was filed almost four hours before this one, the "dead heat" exception to the first-filed rule does not apply. See Terra International, Inc. v. Mississippi Chemical Corp., 922 F. Supp. 1334, 1350 (N.D. Iowa 1996).

transferred, there is a serious risk that two district courts will make inconsistent determinations on the same material issues such as the enforceability, terms and validity of the supply agreement. Related testimony and evidence will be necessary to resolve these issues in both lawsuits. The interests of judicial economy and consistency are best-served through a transfer of this action to the Northern District of Ohio, where discovery can be conducted in one proceeding and subject to review by one judge. This is especially true because Novelis, Inc. contests personal jurisdiction in this court but concedes that it is subject to the jurisdiction of the Ohio court. Because the Ohio action deals with a broader range of issues regarding the supply agreement and can exercise jurisdiction over all issues and parties, it can afford the parties complete relief. For these reasons, I conclude that the first-filed rule is applicable to this case.

Furthermore, I find no compelling reasons to abrogate the first-filed rule and to deny transfer to the Northern District of Ohio. See U.S. Fire Ins. Co. v. Goodyear Tire & Rubber Co., 920 F.2d 487, 489 (8th Cir. 1990) (first-filed rule may be abrogated where party secures first-filed status by misleading adverse party about its intentions regarding filing suit in order to secure advantages of filing first). A-B argues that Novelis secured first-filed status through "deception," but I find no evidence of improper maneuvering merely because

Novelis filed the Ohio action after indicating that it hoped the parties could resolve their dispute through negotiations. There is no indication that Novelis misled A-B about its intentions to file a lawsuit. This conclusion is supported by the fact that Novelis gave A-B advance notice before filing the Ohio action. Nor do I find any evidence that the Ohio action was filed as a "preemptive strike" to secure a more favorable forum. Although A-B contends that the Ohio action is "really" a declaratory judgment action, a review of the complaint reveals otherwise. Novelis alleges breach of the supply agreement by A-B and seeks damages as well as equitable relief. Under these circumstances, I do not find that Novelis improperly filed the Ohio action as a way to secure a more favorable forum for this dispute. After careful consideration, I find that the first-filed rule applies to this case, and that there are no compelling reasons to deny transfer of this action to the Northern District of Ohio. Because Novelis Inc. concedes that the Northern District of Ohio has jurisdiction over it, I will deny its motion to dismiss as moot. Finally, the parties have filed many documents in this case under seal, including two pending motions to dismiss. Because the transferee court should be permitted to decide how and whether to permit the parties to seal documents in her case, I will deny these pending motions to dismiss without prejudice to being re-filed in accordance with the directives of the transferee

judge.

Accordingly,

IT IS HEREBY ORDERED that defendants' motion to transfer [#12-2] is granted, and defendants' alternative motion to dismiss [#12-1] is denied.

IT IS FURTHER ORDERED that the motion to dismiss for lack of jurisdiction [#29] is denied as moot.

IT IS FURTHER ORDERED that the pending motions to dismiss [#41 and #44] are denied without prejudice to being re-filed in the Northern District of Ohio.

IT IS FURTHER ORDERED that the <u>status conference set for January 4, 2007, is vacated.</u>

IT IS FURTHER ORDERED that <u>this case is transferred to the United States District Court for the Northern District of Ohio</u>.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 3rd day of January, 2007.